UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GORDON VASQUEZ,                                  :
                                                 :
                       Plaintiff,                :        07 Civ. 7164 (HB)
                                                 :
          -against-                              :        OPINION & ORDER
                                                 :
M. LOIODICE, individually and as Inmate          :
Records Coordinator and the NEW YORK             :
STATE DEPARTMENT OF CORRECTIONAL                 :
SERVICES,                                        :
                                                 :
                       Defendants.               :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

Plaintiff Gordon Vasquez ("Vasquez" or "Plaintiff") brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants M. Loiodice ("Loiodice") and the New York State Department of Correctional Services ("DOCS") (collectively, "Defendants"), alleging that the administrative imposition of a consecutive term of imprisonment, instead of a concurrent term, violates his procedural due process rights under the Fifth and Fourteenth Amendments to the Unites States Constitution. Defendants moved to dismiss the complaint,[1] arguing that (1) Plaintiff's claim is not cognizable under § 1983 under the precedent of *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff has failed to state a cause of action because DOCS committed no error in calculating Plaintiff's sentence as running consecutively to previous sentences pursuant to N.Y. Penal Law § 70.25(2-a); (3) Plaintiff failed to exhaust administrative remedies; (4) Plaintiff fails to demonstrate any Defendant was personally involved in any violation; (5) Defendants are entitled to qualified immunity; and (5) this Court lacks jurisdiction to adjudicate Plaintiff's claims under the Eleventh Amendment. After Defendants moved to dismiss, but before the Court was provided with the moving papers, the New York Court of Appeals issued its decision in *People ex rel. Gill v. Greene*, 12 N.Y.3d 1 (2009), which squarely addresses the merits of Plaintiff's claim. For the reasons set forth below, and pursuant to the clear directive of the New York Court of Appeals, Defendants' motion to dismiss is granted.

---
[1] Defendants' motion is dated May 22, 2008, but they did not file the motion with the Court or provide a courtesy copy to Chambers at that time. Plaintiff was apparently served with a copy of the moving papers, because Plaintiff submitted an opposition to the motion dated July 29, 2008. Defendants finally provided a copy of the moving papers to Chambers and filed them with the Court on August 10, 2009, over a year after they purport to have made the motion, and after numerous and frequent requests from Chambers to provide a copy of the moving papers so that the motion could be considered on its merits. Such dilatory and irresponsible conduct of litigation cannot be countenanced and will not be tolerated in the future.

1

## I. FACTUAL BACKGROUND

On March 27, 1984, Plaintiff was convicted of murder and was sentenced to an aggregate term of 12¼ to 25 years. *See* Complaint ("Compl.") ¶ 11. Plaintiff served 12½ years of his sentence and was granted parole on August 15, 1995. *Id.* ¶ 12. While Plaintiff was on parole, he was convicted of attempted robbery in the second degree. *Id.* ¶ 13. On June 21, 2000, the Supreme Court of New York issued a judgment pursuant to which Plaintiff was sentenced as a persistent violent felony offender to a term of 18 years to life imprisonment. *Id.* The sentencing court did not specify, either on the record or in the order of commitment, whether Plaintiff's sentence was to run consecutively to or concurrently with his undischarged earlier term of imprisonment. *Id.* ¶ 15. Nevertheless, DOCS deemed Plaintiff's 2000 sentence to run consecutively to his prior sentence and calculated his sentence accordingly. *Id.* ¶ 16. Plaintiff learned of DOCS's computation of his sentence as consecutive for the first time on October 16, 2006. *Id.* ¶ 17. By letter dated October 20, 2006, Plaintiff requested that Loiodice, as Inmate Records Coordinator, and DOCS remove the provision from his sentence computation that provided for a consecutive sentence. *Id.* ¶ 17. Loiodice responded by memorandum dated December 6, 2006 and advised Plaintiff that the Office of Sentencing Review had been consulted and that the sentence was confirmed as running consecutively pursuant to Penal Law § 70.25(2-a). *Id.* ¶ 18. Plaintiff filed his complaint in this matter on August 10, 2007 alleging that DOCS had exceeded its authority in deeming his sentence to run consecutively, and had therefore violated his constitutional right of procedural due process.

## II. DISCUSSION

Defendants' principal argument on the merits of Plaintiff's complaint is that, pursuant to Penal Law § 70.25(2-a), Plaintiff's 2000 conviction required his sentence to run consecutively with his prior conviction from 1984. Although Defendants cited numerous lower state court cases that supported its conclusion, it advised the court by letter dated February 12, 2009 that the New York Court of Appeals had squarely addressed this issue in *People ex rel. Gill v. Greene*, 12 N.Y.3d 1, and that this Court should abide by the instruction of the New York Court of Appeals with respect to the interpretation of the Penal Law. The facts of *Gill* are on all fours with the instant case, and I agree that it controls my analysis here.

The question of whether a sentence should run concurrently or consecutively is purely a question of state law. *See Reyes v. People of New York*, 08 Civ. 8645 (GEL), 2009 U.S. Dist. LEXIS 34030, at *4 (S.D.N.Y. Apr. 21, 2009) (citing *United States v. McLean*, 287 F.3d 127, 136-

37 (2d Cir. 2002)).  The state law that applies in this case is Penal Law § 70.25(2-a), which provides in relevant part:

> When an indeterminate . . . sentence of imprisonment is imposed pursuant to section 70.04 [or] 70.06 . . . and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, *the court must impose a sentence to run consecutively* with respect to such undischarged sentence.

N.Y. Penal Law § 70.25(2-a) (emphasis added).

Here, it is undisputed that Plaintiff was convicted as a persistent violent felony offender under N.Y. Penal Law § 70.04 and that he was therefore subject to the sentencing provisions of N.Y. Penal Law § 70.25(2-a).  However, Plaintiff alleges that although the New York Supreme Court was required to impose a consecutive sentence, it did not do so, and that DOCS exceeded its authority and infringed on his constitutional rights by correcting the court's error.  Simply put, Plaintiff claims that having failed to specify that his sentence was consecutive, the sentencing court's judgment should be deemed to have imposed a concurrent sentence.  The New York Court of Appeals squarely rejected this contention in its recent opinion in *Gill*, where it held that "when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires."  12 N.Y.3d at 4.  The court went on to note that "[n]othing in the statute and nothing in the Constitution requires the sentencing court to say the word 'consecutive,' either orally or in writing."  *Id.* at 6.  Accordingly, the court "read the words of Penal Law § 70.25(2-a) . . . to mean that any sentence imposed by the court shall run consecutively to the undischarged sentence, whether the sentencing court says so or not."  *Id.*  Thus, the court rejected Gill's argument – identical to the argument Plaintiff makes here – that DOCS had erred in interpreting his sentence as being consecutive to his previous undischarged sentences, as the statute requires.  *Id.* at 7.  In the short time since the court's opinion in *Gill* was issued, numerous lower court cases have interpreted the court's directive as requiring unambiguously that, even where a sentencing court is silent as to whether a term of imprisonment is to run consecutively under Penal Law § 70.25(2-a), it is deemed to have imposed a consecutive sentence.  *See, e.g.*, *People ex rel. Young v. Artus*, 63 A.D.3d 1488 (3d Dep't 2009); *People ex rel. Berman v. Artus*, 63 A.D.3d 1436 (3d Dep't 2009); *In re Soto v. Fischer*, 60 A.D.3d 1074 (2d Dep't 2009); *People ex rel. Lewis v. New York State Div. of Parole*, 60 A.D.3d 549 (1st Dep't 2009); *see also Reyes*, 2009 U.S. Dist. LEXIS 34030 at *4 ("[A]s a matter of state law, because

the crimes charged in this indictment were committed after Reyes's prior sentence was imposed, state law not only permitted but required a consecutive sentence.") (citing *Gill*, 12 N.Y.3d at 6).

Plaintiff argues that *Gill* does not govern the Court here, and that his claim should survive pursuant to the precedent set forth in two cases: *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), and *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006). The *Gill* court expressly rejected an identical argument by the petitioner in that case, and I am persuaded by that court's reasoning because both *Wampler* and *Earley* are readily distinguishable from this case. In *Wampler*, a federal trial judge orally sentenced the petitioner to a term of imprisonment and a fine. 298 U.S. at 461. The clerk of the court added a condition to the judgment that the defendant remain in custody until his fine was paid. *Id.* at 462. The Supreme Court held that the clerk did not have the power to alter the sentence imposed by the court, and therefore the added condition to the sentence was void. *See id.* at 464. Similarly, in *Earley*, the sentencing judge was required to impose a period of post-release supervision ("PRS"), but failed to so. The Second Circuit held that it violated due process for DOCS to correct that error unilaterally by adding the PRS to the plaintiff's sentence. *Earley*, 451 F.3d at 76. In that case, citing *Wampler*, the Second Circuit found that "when DOCS discovered the oversight made by Earley's sentencing judge, the proper course would have been to inform the state of the problem, not to modify the sentence unilaterally." *Id.*

As the *Gill* court aptly noted, the essential difference between the factual scenario posed in *Earley* and the facts of this case is that in *Earley*, a substantive part of the sentence (the PRS term) was never imposed. Likewise, in *Wampler*, the condition that the defendant remain in custody pending the payment of his fine was a substantive condition of imprisonment that only the sentencing court had the jurisdiction to impose. Here, on the other hand, there is no substantive part of the sentence that the court neglected to impose. Rather, "all that was omitted was the characterization of the sentence as either concurrent or consecutive." *Gill*, 12 N.Y.3d at 6. Thus, unlike the petitioners in *Wampler* and *Earley*, who were not made aware of the substance of their sentence by the sentencing judge, here, there is no dispute that Vasquez was informed that he was sentenced to 18 years to life in prison. Accordingly, DOCS did not exceed its authority when it calculated Plaintiff's sentence as consecutive to his prior undischarged term, notwithstanding the

fact that the sentencing court was silent as to that fact. It follows that Plaintiff's complaint fails to state a cause of action and must be dismissed on its merits.[2]

### III. CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED and Plaintiff's complaint is dismissed with prejudice. The Clerk of this Court is instructed to close this motion (Docket No. 15) and to close this case and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**August 20, 2009**

U.S.D.J.

---

[2] As noted above, Defendants advance numerous arguments to support a dismissal of Plaintiff's complaint in this matter. However, having found that Plaintiff's claim fails on the merits, this Court need not address the balance of Defendants' arguments.

5